UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALITA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 8326 |
| | ) | |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Board of Education of the City of Chicago ("Board") to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

**BACKGROUND**

Plaintiff Alita Jones[1] ("Jones") a 56-year old woman, was hired by the Board in October 1982 as a substitute teacher. After eight years of substitute teaching Jones was given a full time position with the Board. From 1990 through June 4, 1997, Jones served as a full time physical education instructor at Sullivan Elementary School. On June 4, 1997, Jones was assaulted and injured by a special education student at school during the course of her employment.

---

[1] For the purposes of this motion only, we accept as true the well-pleaded allegations of Jones's complaint.

Jones did not return to work and was paid "assault pay" from the time of the assault until October 1998. After the assault pay was terminated Jones received bi-weekly payments through workers compensation. On July, 2010 the workers compensation payments were terminated.

Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2011, alleging that she was discriminated and retaliated against. On September 26, 2011, Jones received a Notice of Right to Sue, from the EEOC. On November 21, 2011 Jones filed her complaint pro se. After the appointment of counsel, Jones filed a three-count amended complaint on December 28, 2012. Jones's amended complaint alleges: 1) age discrimination in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.; 2) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; and 3) retaliation in violation of the ADEA and Title VII, 28 U.S.C. § 2000(e) *et seq*. Jones has met all procedural prerequisites to bring the present suit.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. Pursuant to Rule 8(a)(2), a complaint must contain

"a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A statute of limitations defense is generally not subject to a motion to dismiss because it is an affirmative defense, and a plaintiff does not need to anticipate or overcome affirmative defenses in the complaint. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006).

## DISCUSSION

### I. The ADEA and ADA Discrimination Claims (Counts I and II)

The Board contends that Jones failed to timely file her charge of discrimination with the EEOC which warrants the dismissal of her ADEA and ADA claims. An

employee may sue under the ADEA or the ADA only if she initially files a charge of discrimination with the EEOC within 300 days of the alleged "unlawful employment practice." *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (ADEA and ADA).

Because Jones did not file her EEOC charge until September 22, 2011, any conduct that occurred before November 26, 2010 is timed barred. Jones identifies two adverse employment actions in her complaint; 1) the termination of her assault pay in October 1998; and 2) the termination of workers compensation on July 1, 2010. Jones did not file her charge of discrimination with the EEOC within 300 days of either her termination of assault pay in October 1998 or the termination of her workers compensation on July 1, 2010. Therefore Jones's ADEA and ADA claims are untimely.

To circumvent the 300-day filing requirement imposed by the ADEA and ADA, Jones raises two arguments which she contends require the Court to deny the Board's motion to dismiss. First, Jones asserts that she suffered two additional discriminatory acts (collectively "new allegations") not mentioned in her amended complaint within the 300-day filing period. Secondly, Jones alleges that the new allegations constitute evidence of a continuing violation which relate back to the allegations originally filed in her amended complaint.

In Jones's response brief she includes two new allegations which she argues remedies the untimely filing of her EEOC charge. The new allegations consist of the

Board denying her the ability to enroll in healthcare benefits in December 2010 and the Board purposefully misrepresenting her salary in a Workers Compensation Action in August 2011. Jones asserts that the new allegations are the last instances of discrimination and therefore should be used to gauge the running of the 300-day filing requirement. Jones did not allege either the denial of the healthcare enrollment or the Board's salary misrepresentation in her complaint. Nonetheless Jones may supplement her existing claims with additional factual allegations in the response to the motion to dismiss as long as the new facts are consistent with the original claims made in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). However, Jones does not supplement her existing claims with relevant factual information but seeks to add new claims which serve as separate independent acts of discrimination. Jones cannot implicitly amend her complaint through her brief in opposition to the Board's motion to dismiss and therefore cannot submit the new allegations to serve as the last act of discrimination for the purposes of determining when the 300-day filing requirement expires. *Agnew v. Nat'l Collegiate Athletic Ass'n.*, 683 F.3d 328, 348 (7th Cir. 2012).

Additionally, Jones contends that the two new allegations form the basis for a continuing violation which remedies Jones's 300-day failure to file. However Jones cannot avail herself of the continuing violation doctrine because her termination of compensation claims which occurred in October 1998 and June 2010 are separate discrete acts that each trigger the 300-day filing requirement. *See National Railroad*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (emphasizing the ease of identifying a termination of employment or right associated with employment as a discrete act); *see also Markel v. Bd. of Regents of Univ. of Wisconsin System*, 276 F.3d 906, 911 (7th Cir. 2002) (determining a decrease in pay as a discrete act); *see also Davidson v. Indiana-Am. Water Works*, 935 F.2d 1058, 1059 (7th Cir. 1992) (holding that the limitations period begins to run on the date the defendant takes some adverse personnel action against the plaintiff, and not when the full consequences of the actions are felt).

The Court is not convinced that Jones can avoid the consequences of her untimely EEOC complaint by retroactively altering the parameters of her complaint to contort her allegations into a plausible discrimination claim. Accordingly, Jones's ADEA and ADA claims were not timely filed and are dismissed as time-barred.

## II. Retaliation in Violation of the ADEA and Title VII (Count III)

Jones claims that she was retaliated against in violation of the ADEA and Title VII after she filed her EEOC charge of discrimination. The ADEA prohibits an employer from discriminating against an employee for opposing any practice made unlawful by the ADEA. *See* 29 U.S.C. § 623(d). The anti-retaliation provision of Title VII prohibits an employer from taking an adverse employment action against an employee because she has filed an employment discrimination charge. *See* 42 U.S.C. § 2000e-3(a).

To establish a retaliation claim under the ADEA or Title VII, a plaintiff must prove her claims under the direct or indirect method of proof. *Kodi v. Board of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007) (ADEA); *See Weber v. Univs. Research Ass'n, Inc.,* 621 F.3d 589, 592 (7th Cir. 2010) (Title VII). Both the ADEA and Title VII utilize the same elements to establish a retaliation claim. Under the direct method of proof, Jones must show: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the two. *Everroad v. Scott Truck Sys., Inc.,* 604 F.3d 471, 481 (7th Cir. 2010) (ADEA); *Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 673 (7th Cir. 2011) (Title VII). Alternatively, under the indirect method of proof, Jones must show: (1) she engaged in statutorily protected activity; (2) she met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park,* 490 F.3d 558, 562 (7th Cir. 2007) (ADEA); *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663 (7th Cir. 2006) (Title VII).

To sustain a retaliation claim under the ADEA or Title VII, Jones must have engaged in some protected activity prior to the employer's adverse actions taken in retaliation for exercising her right to engage in a protected activity. *See Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009) (the employer must

have actual knowledge of the protected activity in order for its decisions to be retaliatory).

Jones filed her EEOC charge of discrimination on September 22, 2011 and does not allege that the Board engaged in any wrongful activity after the filing of her EEOC charge. Jones only alleges in her complaint that the Board discriminated against her in October 1998 and June 2010. Jones does not allege that she suffered any adverse employment actions after she filed her EEOC charge of discrimination. Accordingly, Jones's retaliation claims under the ADEA and Title VII are dismissed.

## CONCLUSION

For the aforementioned reasons, the Board's motion to dismiss is granted.


_____
Charles P. Kocoras
United States District Judge


Dated:  April 10, 2013