# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8326 | **DATE** | June 3, 2013 |
| **CASE TITLE** | Jones vs. Chicago Board of Education | | |

**DOCKET ENTRY TEXT**

The defendant is awarded costs in the amount of $76.80.

■ [ For further details see text below.]        Docketing to mail notices.

## ORDER

    This matter comes before the Court on the amended bill of costs submitted by Defendant Chicago Board of Education (the "Board") in the amount of $76.80. For the reasons set forth below, costs are awarded in the amount of $76.80.

    On April 10, 2013, this Court entered judgment for the Board against Plaintiff Alita Jones ("Jones") in her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, the Board submits a bill of costs in the amount of $76.80 to which Jones objects.

    There exists a strong presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party. Fed. R. Civ. P. 54(d)(1). Specifically, the victor may recover: (i) fees of the clerk and marshal; (ii) fees for transcripts necessarily obtained for use in the case; (iii) printing and witness fees; (iv) fees for exemplification and the costs of making copies of any materials necessarily used in the case; (v) docket fees; and (vi) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The prevailing party bears the burden of demonstrating that the requested costs were necessary and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If that burden is satisfied, the losing party must then show that the costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The court retains wide discretion in determining the propriety of awarding costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

    The Board seeks reimbursement for copying costs for 384 pages at $0.20 per page. Jones does not articulate her objection to the Board's motion with specificity, so the Court will assume that, as Jones avers that she cannot work, she objects on the basis of indigence. A court may consider a litigant's indigence in determining whether

**ORDER**

costs are appropriate. *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). Determining whether a litigant is sufficiently indigent involves a two-step analysis. First, the court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006). This finding must be supported with an affidavit and a schedule of expenses or other documentary evidence pertaining to the individual's income and liabilities. *Id.* at 635. If the non-prevailing party meets her initial burden, the court must then decide if awarding costs is appropriate in light of the amount of claimed costs, the losing party's good faith, and the closeness and difficulty of the underlying case. *Id.* at 635-36.

Jones has submitted no affidavit and schedule of expenses (or equivalent documentation) to demonstrate her indigence. The Court thus cannot make a threshold factual finding that Jones is indigent, and Jones has forfeited her indigence argument due to her failure to provide the requisite support for it. *See Alioto v. Town of* Lisbon, 651 F.3d 715, 721 (7th Cir. 2011).

The Court can glean no other articulable objection to the bill of costs from Jones's response. The $0.20 per page copying rate is a reasonable one. *See Allen v. City of Chi.*, No. 09 C 243, 2013 U.S. Dist. LEXIS 66789, at *11 (N.D. Ill. May 10, 2013) (collecting cases).

For the foregoing reasons, the Board is awarded costs in the amount of $76.80.

Date: June 3, 2013

*/s/ Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**